Porter, J.
This cause was argued last year, and there being a difference of opinion between the two judges then present, it has stood over for judgment until this term.
The facts of the case are so fully stated in the opinions which my brethren have prepared, that it is unnecessary for me to repeat them. The question presented for decision is, whether a joint execution, which has issued against two defendants, being returned nulla bona as to one, and “proceedings stayed by order of plaintiff” as to the other, a separate capias can issue against him whose property could not be found.
I think not. The act of 1809 directs, in the most positive terms, that no capias ad satisfaciendum shall issue, to imprison the body of any debtor, until due return by the sheriff, or *436 other officer of the writ of fieri facias, stating that sufficient property was not found to satisfy the same. Now, in this case, the writ of fieri facias was not returned, that property could not be found to satisfy it. Consequently, a capias, against the body of the debtor, issued improvidently.
West'n District.
Sept. 1822.
But it has been contended, that on a judgment which is against two, execution may issue against each; and that if it may, plaintiff can legally direct the sheriff to make the money out of either, on a joint execution.
This idea can only be sustained on the ground that a writ need not follow the directions of the judgment. But nothing is clearer to my mind, than the position that it must strictly pursue it. The clerk has no authority to issue any other. If there is judgment against two, and he issues execution against one, he does not exercise a ministerial duty.
I have examined all the book on our own law, within my reach at this place, and I have been unable to find any which affords information on the point submitted to us. The rule is inflexible in that system from which the names of our writs are taken, that the form of the execution must invariably pursue the *437 judgment.—Tidd's Practice, 913. Williams' notes on Saunders, vol. 2, f. 72.
This is the safest course to adopt; for were we to take the other, then, on a joint judgment against several defendants, various writs of fieri facias might be issued at once, and at the sime time capias be running against some of the defendants. This would be contrary to the practice, as I have understood it, and it appears to me, would lead to great confusion.
Again, if an execution can issue against one debtor, the converse of the position should be true, that if the judgment is in favour of several creditors, each one might take out execution in his own name; but this would seem contrary to what we said in Dufour vs. Camfranc, 11 Martin, 607.
For these reasons, and those contained in the opinion of judge Martin, I agree that there should be judgment, as in case of non-suit, for defendant.
Martin, J.
The plaintiff brought an action against Bradley and Curtis, on which the present defendant became bail for Bradley. Judgment was had against Bradley and Curtis, and execution issued accordingly. The sheriff returned, that the proceedings against Cur *438 tis had been stayed ; that six head of cattle, the property of Bradley, had been seized and sold for $48, and no more of his property could be found. A ca. sa. next issued and was returned not found, and the plaintiff proceeded against the present defendant, as bail of Bradley. There was judgment for the plaintiff, and the defendant appealed.
His counsel urges, that the ca. sa. against Bradley was illegally taken, as the return of the execution did not show that the sheriff could not find any property to satisfy it, and as the ca. sa. on a judgment against two cannot be issued against one only.
The sheriff was commanded to seize the property of Bradley and Curtis. He was bound to comply with the directions of his writ, and could not obey the directions of the plaintiff, in any thing that rendered the situation of either party harder. He could not, of his own authority, have taken the slave of one of the defendants, while personal property of the other was at hand, without violating his duty and his oath—a violation which the plaintiff's order could not authorize.
It is true, the plaintiff may waive and delay the execution of a process which he has pla *439 ced in a sheriff ’s hands—because its execution is a benefit or advantage which the law has provided for him exclusively, and he may consequently renounce it. But, though he may thus waive or delay the execution of his process, the mode of execution is not at his discretion or caprice; because, in this respect, the provisions of the law concern the rights of the defendant. This mode cannot, therefore, be varied without the consent of both parties.
It is true, in levying an execution against two, the sheriff may take the chattel of either; because, very likely, joint property is not to be found, and nothing makes it his duty to look for or seize it in preference to the private property of either. The plaintiff may certainly point out property liable to seizure ; but the sheriff, who is bound to execute his office with impartiality, cannot be controlled by his directions as to the particular chattel to be seized. Who can say that a sheriff would be justifiable in refusing to levy on property, sufficient to satisfy the debt, which the defendant would present, as that which he could most conveniently spare, and levy on other which he could not spare without great distress to his family—because the plaintiff insisted on the latter property being taken?
*440 If, when the law leaves a choice to the sheriff, he cannot be controlled nor be justified by the plaintiff's directions, may these authorize him to disregard the positive command of the writ? When the writ commands him to take the goods and chattels of A and B, and if he cannot find any, to take slaves; and if no slave, the land—may he (even with the plaintiff's directions) seize at once the land of B, when both slaves and personal property of A are in his view? I think not.
It is said, the plaintiff might have sued either of the defendants alone; so, after judgment, he may proceed against either, and take out his execution against one only. I believe that the clerk cannot model writs at the command of the parties ; that he must pursue that which the law has provided, and our statute has provided one which follows the judgment 1805, c. §14.
The execution must agree with the judgment, and must be sued out in the joint names of all the plaintiffs or defendants, otherwise it will not warrant the judgment.—1 Ld. Raym. 244, Penoyis vs. Brace, S. C. 1 Salk. 319, 2 Saunders, 72, k. in notis.
This principle, though drawn from the *441 books of the common law of England, must be recognised as grounded on the soundest basis. The clerk is a mere ministerial officer; he has no authority but the judgment, to issue the writ which is to deprive a man of his property or liberty. He must, therefore, strictly and closely follow the judgment, which is the sole authority which warrants the execution.
I conclude, that, while it did not appear that no property of either the defendants could be found to satisfy the execution, issued against Bradley & Curtis, a ca. sa. could not legally issue; for the statute expressly provides, that no writ of capias ad satisfaciendum shall issue until after due return, by the sheriff or other officer of the writ of fieri facias, stating that sufficient property was not to be found to satisfy the judgment. 2 Martin’s Digest, 1.
That if a ca. sa. could have legally issued, it ought to have followed the judgment and be directed against both defendants. A separate ca. sa. against one defendant, on a joint judgment against two, cannot be supported. 6 T. R. 525—Comyns, 129.
As, therefore, the ca. sa. issued intempestively and improperly against one of the defendants *442 only, the proceedings against the bail were premature.
I think that the judgment of the district court ought to be annulled, avoided and reversed ; and there should be judgment for the defendant, as in the case of a non-suit, with costs in both courts.
Mathews, J.
This is an appeal from a judgment rendered against the defendant, on a bail bond. The original action was commenced by Casson vs. Bradley & Curtis, on an instrument of writing, in which the former bound himself as principal debtor, and the latter as surety. Bradley alone was held to bail, and Cureton became his bail. Judgment was obtained against both the original defendants, without any plea of discussion or other defence, on the part of the surety. On this judgment a fieri facias issued against them, which the plaintiff directed not to be executed on the property of the surety; and on a return of nulla bona, as to Bradley, a ca. sa. was issued against him, and being returned not found, judgment was obtained in the ordinary mode of proceeding, by motion against the bail, from which he appealed.
The judgment is said to be illegal and er *443 roneous, because the fi. fa. was improperly executed by the the sheriff; and secondly, there being a joint judgment, a separate ca. sa. could not legally issue against one of the defendants alone.
Before coming to any conclusion, on the correctness or error of the judgment against the bail, I lay down the following principles, which I consider as supported by law.
1. In all judgments rendered against two or more persons, by a competent tribunal, the persons against whom they are thus rendered, are thereby bound in solidum.
2. Executions on such judgments may issue against all, or any one of the persons thus condemned.
It is true, in the present case, the fi. fa. issued vs. both the defendants, but was only executed on one; or in other words, it was stayed, by instructions from the plaintiff, against the other. This, I think, he had a right to do; for, if in the first instance, the execution might lawfully have issued against one only, at the instance of the plaintiff, he might rightfully have directed its execution, even when issued against both, so as to prevent the taking of the property of one whom he meant to favour: *444 and certainly most equitably, as the person favoured was only surety in the original contract.
I am further of opinion, that the return of no property, found in relation to Bradley, authorized a separate ca. sa. against his body ; and consequently, on a return of “not to be found,” his bail was chargeable with the debt, conformably to law.
The necessary formalities, required by the Spanish laws in the execution of judgments, differ so much from our present laws of practice on the same subject, that it appears to be difficult to find any principle established by the former, which might guide us clearly in our present inquiry. I therefore conclude, that the decision of this case must rest mainly on induction, to be made from the axioms above stated ; the most imposing of which, and that too most relied on, is, that an obligation, created by judgment of a competent tribunal, against two or more is joint and several in its effects; and consequently may be considered in the light of several judgments. In this view of the subject, an execution issued against one of the persons condemned, or a severance of execution, would not conflict *445 with any rule requiring an execution to pursue the judgment, on which it may be founded; for the judgment debtors being several, as well as joint, execution may be taken out against either of the debtors. 2 Bacon's Abr. verbo Execution, Wils. ed. 725, wherein this doctrine is laid down, in totidem verbis.
Thomas for the plaintiff, Bullard for the defendant