## FAURIE & AL. vs. MILLAUDON & AL.

APPEAL from the court of the third district.

The directors of a bank, even after the expiration of its charter, are not suable by any number of stockholders to answer particular charges of fraud or mismanagement in damages.

MARTIN, J. delivered the opinion of the court. The plaintiffs, stockholders of the Planters' Bank, allege that the defendants, whom they had appointed directors of said bank, have so mismanaged its concerns, in violation of their duty, and its charter, that the plaintiffs have not only been deprived of any dividend or profit, but their shares have become of very little

or no value. Facts of positive fraud and collusion, by which an immense loss has accrued, are stated. It is further alleged, that the defendants, after the expiration of their time of service as directors, continued themselves, without authority, in the management of the funds of the bank; that by this misconduct and the inability of the bank to pay its notes, the charter has been forfeited and the corporation dissolved. The petition concludes that the petitioners may be respectively awarded the price of their respective shares, with damages.

East'n. District.
*March* 1825.

Faurie & al.
*vs.*
Millaudon
& &l.

The general issue was pleaded; the defendants' liability or accountability to the plaintiffs; and the dissolution of the corporation, were denied.

The district court was of opinion that "the charter of the bank is still in force, and until it expires or be declared void by a competent authority, no action can be maintained by any member of it against another." The petition was accordingly dismissed.

At the hearing we stopped the counsel of the defendants, being clearly of opinion that the action is not maintainable.

The district judge was certainly correct, the case being as he stated it, that of a corporation still in existence.

The counsel for the defendants, however, urges, that in the argument, which is to be as on a demurrer, the dissolution of the corporation being averred, must be assumed.

Taking it so, the parties stand exactly in the situation of members of a firm, whose partnership has expired.

In such a case nothing is more clear, that the acting partners are not accountable to the others, much less to a number of them, even the majority or more, for any particular transaction, singly, nor any number of transactions, but only for that balance, which after a settlement of accounts, shall appear due; and that the account ought to be rendered in presence of all the partners, who must be made defendants, if they are unwilling to be plaintiffs.

We held, in the western district, that a partner has no action against another, except to make him account until a final settlement takes place, and then for the balance that appears, due. *Drumgoole* vs. *Gardner* & *al.* 10 *Martin*, 435, and since, that a partner has no right to be paid, until all claims against the partnership are discharged. *Ward* vs. *Brandt* & *al.* 11 *Martin*, 333. In *Ozeas* vs. *Johnson*, C. J. Tilghman of Pennsylvania, set aside a verdict (which he

considered correct on the merits) obtained by
a partner against another, on the sole ground
that there was no proof that the parties had
settled the accounts of the partnership, and
that all, either partner is entitled to, is his
share of what ought to remain after the part-
nership debts are paid. 1 *Binney*, 193, 2 *D.*
*& E.* 478, *Smith* vs. *Barron.*

Admitting, therefore, that all that is alleged
is true, the defendants are accountable for the
loss their fraud or ill conduct has occasioned
to the stockholders; but the sum they thus
owe is part of the common fund, which is not
to be divided till the debts of the partnership
are paid, and a balance struck.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Livermore* and *Eustis* for the plaintiffs, *Waga-
man* and *Grymes* for the defendants.