LINCOLN
FEARING
& CO.
vs.
EXECUTORS OF
RUSSELL BALL.

---

LINCOLN FEARING & Co. vs. EXECUTORS OF RUSSELL BALL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In a suit for the liquidation and settlement of partnership transactions and accounts, all the partners of a firm must be made parties either as plaintiffs or defendants.

EASTERN DIS.
June, 1834.

LINCOLN
FEARING
& Co.
vs.
EXECUTORS OF
RUSSELL BALL.

And where all the partners of several firms are prayed to be made parties to a suit for the liquidation and payment of the partnership concerns, and some of them reside out of the state and no representative is appointed, those who do appear may dismiss the suit for want of all the parties before the court

It is the duty of the plaintiff to bring all the defendants before the court, by provoking the appointment of a curator *ad hoc* to those who reside out of the state.

A petition of intervention in a suit will not be admitted after the trial of the cause has commenced.

Executors residing in another state, or representing a testator whose will was opened there, cannot intervene in a suit pending in this state until they cause the will to be made executory here.

This was an action commenced in the Probate Court by Lincoln, Fearing & Co., a commercial firm in Boston, against the executors of Russell Ball, deceased, for the liquidation and payment of the partnership concerns of Russell Ball & Co., which the plaintiffs allege they caused to be established in New-Orleans, in 1818, to carry on the sale and trade in hardware and ship chandlery, as a branch of their firm in Boston; that Russell Ball had charge of said establishment, but in which all of the partners were equally interested, to wit: Lincoln Fearing, J. R. Newell and B. Thomas, composing the firm of L. Fearing & Co., and Hawkes Fearing residing in Boston, and of Russell Ball then of New-Orleans; that the firm in Boston furnished to the establishment in New-Orleans at different times, goods, &c. to the amount of twenty thousand dollars; and that Russell Ball continued in possession of said stock in trade and made great profits, amounting to one hundred thousand dollars on account of said partnership, and that he refused to account or pay over any part thereof to the firm of Lincoln Fearing & Co. Hawkes Fearing, one of the partners in the firm of R. Ball & Co. in New-Orleans, died in Massachusetts, in 1826, leaving nine heirs in said state, all of age.

Russell Ball died in November 1831, and E. and J. Ball were appointed the executors of his will.

EASTERN DIS.
*June,* 1834.

LINCOLN
FEARING
& Co.
*vs.*
EXECUTORS OF
RUSSELL BALL.

The plaintiffs, Lincoln Fearing & Co. pray that the executors account to them and that said partnership claims be liquidated and settled; and that the heirs of Hawkes Fearing be made parties to this suit with due citation, by due process of law, and that Lincoln Fearing & Co. have judgment for three fifths of the profits of said partnership; less the amount of profits of said R. Ball in the firm of Lincoln Fearing & Co. (three thousand dollars) being the sum of fifty seven thousand dollars, &c.

The executors answered and denied that any partnership was established in New-Orleans; but admit that some goods were sent out from Boston by the establishment there, when Russell Ball came to New-Orleans, to be sold by him, of the amount and dispositure of which they are ignorant, and require strict proof.

The plaintiffs filed a supplemental petition requiring the executors to render an account of their executorship, to cause a true and faithful inventory to be made of R. Ball's estate; and charging them with acting unfaithfully or ignorantly and mismanaging said estate; and not having given sufficient security, &c., that they be suspended in their administration, &c. To which the executors answered that the plaintiffs were not creditors; that one of them (executor) is heir and both are attorneys in fact of the other heirs of said estate, and that they do not choose to be at the expense of making an inventory; and deny all the other allegations in the supplemental petition.

The court required the inventory to be made as prayed for. The trial of the cause commenced. An answer was tendered on the part of the heirs of H. Fearing, signed by counsel, disclaiming to interfere in the cause, but which was rejected.

After the cause had progressed from time to time in the Probate Court, on the 25th May 1832, a petition of intervention by the executors of Hawkes Fearing was allowed to be filed, joining the plaintiffs, and praying that their share

EASTERN DIS. of the partnership profits of the firm of Russell Ball & Co. *June, 1834.* may be ascertained and paid by the executors: much testimony was taken to establish the claim of the plaintiffs. On the 17th May 1834, the cause came on for final trial; after it had progressed, a motion was made by defendant's counsel to dismiss the suit on the ground that all the parties were not properly before the court.

LINCOLN FEARING & Co. *vs.* EXECUTORS OF RUSSELL BALL.

The judge of probates was of the same opinion; that by the 116th article of the *Code of Practice*, when a party intended to be sued is absent and not represented in the state, the plaintiff must demand that a curator *ad hoc* be appointed; that although the plaintiff prayed for citation and all due process of law against the heirs of H. Fearing, he did not mention whether said heirs were or not represented, and did not demand the appointment of a curator *ad hoc;* that the trial having progressed on the merits, it was not in the power of the court to continue the cause for proper parties: it was dismissed accordingly.

The plaintiffs appealed.

*Maybin* and *Eustis*, for the plaintiffs.

*Pierce* and *Preston, contra:*

MATHEWS, J., delivered the opinion of the court.

In this action the defendants are called on to render an account of certain partnership business alleged to have been carried on between the testator and the plaintiffs, and to pay to the latter their portion of mercantile profits which were gained by the trade that was conducted by the testator in the city of New-Orleans, as one of the partners of the firm composed of Lincoln Fearing & Co. The plaintiffs all reside out of the state, and also the heirs and representatives of Hawkes Fearing (who was a partner,) and whom the petitioners prayed to be made parties to this suit. The executors filed an answer in which they deny the principal allegations of the petition. On these pleadings the parties went to trial without any appearance or answer on the part of the heirs of Hawkes Fearing,

until the trial was nearly concluded, when an answer was tendered by their attorney disclaiming any interest in the cause. The court on opposition of the other defendants refused to admit this answer, and they moved to dismiss the suit on account of proper parties not having been made. This motion remained undecided for some time, and in the *interim* the executors of Hawkes Fearing filed a petition of intervention in which they sided with the plaintiffs and claimed a portion of the profits alleged to have been made by the operations of the firm, constituted as stated in the original petition. The proceedings of the cause being in this state, the court below finally rendered judgment by which the suit·was dismissed for want of proper parties, from which the plaintiffs appealed.

*In a suit for the liquidation and settlement of partnership transactions and accounts, all the partners of a firm must be made parties, either as plaintiffs or defendants.*

We are of opinion that this judgment is correct.

It is now a principle settled by several decisions of this court, that in suits for the liquidation and settlement of partnership transactions and accounts, all the partners of a firm must be parties either as plaintiffs or defendants. *See* 10 *Martin*, 435 and 3d *N. S.* 476.

The argument of one of the counsel for the plaintiffs seems to admit that the heirs of Hawkes Fearing (their ancestor being a partner of the concern, the liquidation of whose accounts is sought in the present action,) were not regularly before the Court of Probates at the time of the trial of the cause; but contends that this defect in the proceedings ought to have been suggested by the defendants in an exception pleaded in *limine litis*, and that they could not legally take advantage of it by a motion to dismiss the suit after an answer to the merits.

The rules established in relation to dilatory and declinatory exceptions by the Code of Practice are not applicable to a case like the present.

*And where all the partners of several firms are prayed to be made parties to a suit for a liquidation and payment of the partnership concerns, and some of them reside out of the state and no representative is appointed, those who do appear may dismiss the suit for want of all the parties before the court.*

All the partners according to the petition were parties to the suit; such as might be supposed to have an interest contrary to that of the succession of Ball, the testator, and who did not appear in the capacity of plaintiffs were prayed to be made defendants. The executors of Ball could not have foreseen whether their co-defendants would

*A petition of intervention in a suit will not be admitted after the trial of the cause has commenced.*

or would not appear and become parties to the action. The situation of the cause as presented to them by the petition did not authorise the exception which the plaintiffs now insist should have been pleaded before answering to the merits. It was the duty of the plaintiffs to have brought the defendants who resided out of the jurisdiction of the court, before it by provoking an appointment of a curator *ad hoc.* This was not done and no person appeared for them to answer until the trial of the cause was nearly if not wholly finished; and then an answer was filed by which they disclaimed any interest: one of them having been previously made a principal witness for the plaintiffs. A proceeding of this kind was well calculated to surprise the real defendants, and was clearly contrary to all sound rules of practice in the administration of justice, by allowing additional pleas, and such as tended to change the condition of the parties to the suit, not only after issue joined, but after the trial of the cause was nearly completed.

The attempt of the executors of H. Fearing to intervene was wholly irregular. In addition to the objection to admit the answer at so late a period of the proceedings, a further objection to allow the petition of intervention, is fairly available for the appellees, viz: that the intervenors had taken no legal steps to authorise them, soley to prosecute suits in our tribunals by causing the will of the testator to be made executory in this state: executors act *en autre droit;* and derive their authority from the will, and the formalities required by law in relation to probate in different states and governments; notwithstanding the art. 1589 of the *La. Code* which gives validity to wills made in the other states of the union or in foreign countries. We determined in the case of *Dangerfield's executrix* vs. *Thruston's heirs*, that an executor deriving authority from a Court of Probates in an other state, cannot assume the character of executor here without having first presented the testament to a Court of Probates in this state. *See* 8 *N. S.* 232.

It is therefore ordered, &c. that the judgment of the Court of Probates be affirmed with costs.