### MILLAUDON *vs.* TURGEAU ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An exception to the general rule, that defendants have a right to be sued in the parish where they have their residence and domicil, has been made by the court, in cases necessarily growing out of the provisions of law, in relation to *joint* obligors, who are absolutely required to be sued together.

The necessity of the case does not require that obligors *in solido* should be sued together. To create a new exception in favor of such contracts, would be a violation of positive law.

Strictly speaking, the drawer and endorser of a note or bill, are not bound jointly, either to the holder or amongst themselves, according to the definition in the code, but only *in solido*.

The plaintiff has a clear and adequate remedy by suit, separately against either, the drawer or either of the endorsers of a promissory note, because the obligation is not joint, but *in solido*.

Defendants sued as endorsers, and bound *in solido*, have a right to be sued at their respective domicils. The court cannot create an exception in such cases, which is done when the obligation is joint only.

This is an action against two endorsers of a promissory note, residing in different parishes.

The plaintiff alleges, that one Louis Melchier Raymond, of New-Orleans, executed his promissory note for two thousand dollars, payable twelve months after the 16th January, 1834, to the order of and endorsed by Laroque Turgeau, of the parish of Ascension, and afterwards endorsed by Pierre Dubertrand, of New-Orleans. That said note was duly protested for non-payment against the drawer, and notice thereof given to the endorsers. He prays judgment against said endorsers, jointly and severally, for the amount of the note.

Dubertrand pleaded a respite allowed him by his creditors, by way of exception, to the action against him, which was overruled.

Turgeau pleaded his domicil. He alleged by way of exception, that he was not amenable to the jurisdiction of the District Court, sitting in New-Orleans, because his domicil was in the parish of Ascension ; and prayed that the suit be dismissed as to him.

This exception was sustained by the judge presiding ; and the plaintiff appealed.

*Benjamin,* for the plaintiff, assigned for error apparent on the face of the record, the decision of the judge *a quo,* sustaining the exception of Turgeau, to the jurisdiction of the court, on the plea of domicil.

*J. Slidell,* for the defendant, Turgeau.

1. It is expressly provided, that the District Court has no jurisdiction of actions against persons residing in the state, when the suit is out of the limits of its district or jurisdiction, unless in cases expressly excepted, (this not being one) or when the defendant voluntarily appears and submits to its jurisdiction. *Code of Practice, article* 129.

2. The obligation created by the endorsement of a promissory note, is not *solidary* with that of the maker. It is contingent and conditional. If it be solidary, it does not come within the provisions of the code. See *La. Code, article* 2080.

3. It is also provided by law, that when there are several solidary debtors, the creditor may apply to either of the debtors he pleases, and sue him, without such debtor having the right to plead the benefit of division. *La. Code,* 2089.

One judge dissenting to the opinion of the court, the judges delivered their opinions *seriatim.*

*Mathews, Presiding Judge.*

This is an appeal from a judgment of the court below, by which a plea to its jurisdiction was sustained, and the suit dismissed as to the present defendant and appellee.

The suit was brought against two endorsers of a promisory note, who reside in different parishes, and an attempt is made

on the part of the plaintiff to bring the appellee, who is domiciliated in the parish of Ascension, before the court of the first district, whilst his residence is in that of the second. The right and privilege of defendants to be sued at the place of their residence, when residing within the limits of the state and at no other place, has been secured to them by the provisions of our laws ever since the act of the legislative council of 1805. To this rule of law, no express exceptions can be found, those only excepted which are contained in the Code of Practice, articles 163 and 164. In addition to those expressed in the code, by a decision of this court, one more has been recognized, necessarily growing out of the provisions of law in relation to obligors exclusively joint ; but, in my opinion, the same necessity does not exist in reference to obligations *in solido* ; and to create a new exception in favor of such contracts, would be in violation of an express and general rule of law, a proceeding not sanctioned either by its letter or spirit. The case of Allain *vs.* Longer, 4 *Louisiana Reports*, 152, although the contract in that and the present one are similar, being both *in solido*, and which seems to be relied on by the plaintiff, brought to the consideration of the court, a question for solution entirely different from 'that which the case now to be determined presents, and consequently is wholly inapplicable to the present contest. The doctrine in the former case may be just and true, and founded in law, without in any manner interfering with the privilege of defendants to be sued in the place of their domicil, and no where else.

In interpreting contracts made *in solido*, it is worthy of remark, that the definition and rules relating to them in the *Louisiana Code*, do not expressly declare them to be both *joint and several*. It is essential to a joint contract that the obligors should be bound, each one for his *virile* share, the sum promised by him, and no more. It is true that the obligations assumed by the maker and endorser of a negotiable paper, creates a contract *in solido* ; but it seems to me to be joint only in consequence of their promises being based on the same instrument. Strictly speaking, they are not bound jointly

An exception to the general rule, that defendants have a right to be sued in the parish where they have their residence and domicil, has been made by the court, in cases necessarily growing out of the provisions of law, in relation to *joint* obligors, who are absolutely required to be sued together. The necessity of the case does not require that obligors *in solido* should be sued together. To create a new exception in favor of such contracts, would be a violation of positive law.

Strictly speaking, the drawer and endorser of a note or bill, are not bound jointly, either to the holder or amongst themselves, according to the definition in the code, but only *in solido*.

EASTERN DIST.

June, 1836.

MILLAUDON
vs
TURGEAU ET AL.

either to the holder of the note, or bill of exchange, or amongst themselves, according to the definition given in the code of a joint obligation.

When a contract joint and several in its terms, that is, one made directly *in solido,* is entered into, it might be questioned whether the obligee could be permitted to consider this contract, in pursuance of his rights on it, as joint alone, although such an obligation may be said to be joint *sub modo,* being so between the obligors.

I am therefore of opinion that the judgment of the District Court ought to be affirmed with costs.

The plaintiff has a clear and adequate remedy by suit, separately against either the drawer or either of the endorsers of a promissory note, because the obligation is not joint, but *in solido.*

Defendants, sued as endorsers and bound *in solido,* have a right to be sued at their respective domicils. The court cannot create an exception in such cases, which is done when the obligation is joint only.

### Bullard, J.

In the case of Toby & Co. *vs.* Hart et al., (8 Louisiana Reports 523) we held that joint obligors may be sued at the domicil of either, and that such a case formed necessarily an exception to the general rule, inasmuch as the obligee would be without remedy against any of the parties, if the exception of domicil should prevail. In the case now before the court, the plaintiff has a clear and adequate remedy by suit, against either of the parties, and the obligation is not joint, but *in solido.* Such a case is not enumerated as an exception, by the Code of Practice, and I think we cannot create a new exception not resulting from necessity, and in a case in which to refuse it would amount to an absolute denial of justice. I, therefore, concur with the presiding judge, that the judgment ought to be affirmed.

### Martin, J., dissenting.

The two defendants in this case are sued as endorsers of a promissory note, and reside in different parishes. The suit is brought in the parish in which one of them resides; the other pleaded as an exception his residence out of the parish in which the suit is brought. The exception was sustained, and the plaintiff appealed.

The rule that every one is to be sued before the court of his domicil, is one which the Code of Practice gives us, not as an universal, but as a general one, liable to many

exceptions, some of which are expressed, and others implied.

We recognised one of the latter lately in the case of a joint obligation; and I believe that the case of a joint and several obligation presents another calling for the same remedy.

I admit that the case of a joint obligation is a stronger one than that where the obligation is joint and several. In the former, there would be a failure of justice, if neither of the joint obligors, who reside in different parishes, can be sued but in that in which he resides.

But in the case of a joint and several obligation, where all the parties are each liable for the whole debt, and payment by either of them, discharges all the others, the law gives the creditor the right of suing all his debtors in one single suit. This is extremely convenient to the creditor, and saves to the debtors an accumulation of costs, for they may all be defended by the same attorney.

It facilitates credit, for creditors are willing to indulge in proportion as the recovery is easy. It prevents the multiplicity of suits for the same debt, which the law abhors. There is, besides, a great hardship in compelling the holder of a note to institute thereon as many suits as there are parties on it; for payment by either mulcts him with costs in all the other suits.

It is admitted he may sue all of them in one single suit, if they all reside in the same parish. It ought not to be in the power of either of the debtors, by a change of residence, to defeat that right.

An argument has been strongly pressed upon us, which with me has very little weight. It is said that in the country, litigation offers to a debtor the facility of keeping his creditors at bay for several years; and if the latter may compel payment, with less expense and difficulty, they would institute their suits on notes of hand in the courts of the city, on which payment will be obtained before the debtor contemplated he could be legally coerced. Jurisdiction may even be given to the courts of the city in cases in which they have it not, by the addition of the endorsement of a party

residing in the city.   The endorser of a note knows that by the endorsement of it to another, or to the citizen of another state, he may be drawn, not only from his parish, but from the courts of the state to that of the United States.

Every facility which is accorded to the creditors renders credit easily obtained, and procures to the honest debtor indulgence, which he finds sometimes useful.   The creditor who is aware that his debtor has the faculty to bid him defiance, loses no time in bringing his suit, and prosecutes it without remission.

Our fellow citizens who reside in the country, find it difficult to obtain money at the interest which the law allows, because the power which they have of protracting payment, deters those who cannot reconcile it to their feelings to exact a high rate of interest, as a security against the trouble, vexation, and consequent danger attending village litigation.

I think the right of exemption from being sued out of one's own parish has an exception strongly implied in the cases in which the law allows one suit against the several co-debtors.

I am, therefore, of opinion we ought to reverse the judgment of the District Court, overrule the exception on the score of commorancy, and remand the case for further proceedings.