## MUNROE v. FROSH et al.

Where one of the partners in a mercantile firm established in another State resides in this, and is in the habit of buying goods to be shipped to, and sold by the foreign house, the partnership property will not be liable to attachment for a partnership debt contracted here by the resident partner. *Per Curiam:* The partnership cannot be considered a non-resident, and the credit was given to it.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. Benjamin and *Micou*, for the appellant, contended that the defendants being bound *in solido* as commercial partners, the residence of one partner within this State cannot prevent an attachment from being sued out against the non-resident partner. *Smith* v. *Elliott*, 3 Mart. 370. *Cucullu* v. *Mangenal*, 4 Mart. N. S. 185. *F. B. Conrad*, for the defendants. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought upon promissory notes made by the firm of *Frosh & Muller*, to the order of plaintiff. A small item of $23 is also claimed for merchandize sold here, by plaintiff, to *Frosh & Muller*. An attachment issued, and was levied upon certain property which was bonded by the firm. There was a rule afterwards taken to set aside the attachment, which rule was sustained; and from the order of dissolution the plaintiff has appealed.

If it were established by the evidence that the property attached belonged to *Muller*, this case would be quite free from difficulty; for it is satisfactorily shown that *Muller* was a resident of New Orleans. But we are of opinion that the property attached belonged to the firm of *Frosh & Muller*, and a question of less easy solution is thus presented. It appears that *Frosh & Muller* were partners in trade. *Frosh* was living at Galveston, in Texas, and a house was established there under the style of *Frosh & Muller*. *Muller* lived at New Orleans, and conducted the business of the house at this place. The firm was in the habit of buying goods here by *Muller*, acting in the name of the firm, which goods he shipped to Galveston to be there sold. The property attached was money shipped by the house at Galveston, and consigned to *Muller* individually; but no doubt it was the property of the house, as appears from the statement of the garnishee, and from the fact that the bond was given for it in the name of the firm. The case is therefore to be considered as that of a mercantile house having two establishments, one abroad, conducted by *Frosh*, and one here, conducted by *Muller*. The plaintiff dealt with the firm of *Frosh & Muller* by its partner here. The sales of merchandize were to the firm; the notes of the firm were taken; they are dated at New Orleans; and, in legal contemplation, under the facts stated are payable here.

It seems to us that under such circumstances an attachment ought not to lie against the partnership. Under the facts stated, the partnership cannot be deemed a non-resident, and the credit was given to the partnership. The remedy by attachment is a stringent one; it has always been strictly construed, and has not been permitted, except in those cases where it is clearly and fairly applicable. Its object was to enable suitors in our courts to collect their debts from non-residents. To extend the remedy to the present case would lead to practical results highly detrimental to commerce, and which we cannot believe the lawgiver ever intended to sanction. From our earliest knowledge of New Orleans as a commercial mart, its commercial affairs with other States of this Union, and with foreign countries, have been carried on in a great degree by houses some of whose partners resided here and some out of the State. Each of such partners, it is true, is a solidary debtor ; and yet our experience does present a single case in which, upon the contract of a mercantile house made here in its name by a non-resident partner, an attachment has been sustained in our courts upon the partnership property, or even upon the interest of a non-resident partner in the partnership assets. We think a fair and reasonable inter-

MUNROE
*   v.
FROSH.

pretation of our attachment laws and their policy, forbids us to allow the plaintiff to seize the partnership property of *Frosh & Muller*, upon a partnership debt of that house contracted here by its resident partner.

*Judgment affirmed.*