No. 2232.—John A. Stevenson v. John G. Prather et als

The sale by an absentee of a part interest in a steamboat, to a resident of the State, will not defeat the right of attachment which the creditor had against the boat for a debt which the absentee had contracted before the sale; the right of the creditor to the writ of attachment against the boat being in no wise impaired by a sale of a part thereof to a resident of the State, who was afterward taken into the firm as a commercial partner.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. Given Campbell,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for defendants and appellants.

LUDELING, C. J. This suit was commenced by attaching the interests or shares of three of the owners of the steamboat Bart Able, on a debt created by them, before W. C. Harrison, the other joint owner of the boat, had acquired an interest in the boat.

W. C. Harrison moved to dissolve the attachment, on the ground that the owners were commercial partners, and he resided in this State. There was judgment maintaining the attachment, and the defendants appealed.

The defendants cite the cases of Converse. Kennett & Co. v. Steamer Lucy Robinson, 15 An. 434; 2 An. 962; 5 An. 262; 13 An. 590, and 10 An. 726, in support of the position assumed by them in asking to have the attachment dissolved. If the debt sued upon had been contracted by the partnership, of which W. C. Harrison formed a member, these authorities would be in point. But the evidence shows that the debt was contracted by John G. Prather, W. G. Thorwegen and J. W. Terrill, before Harrison became a part owner of the steamboat, or connected with the partnership engaged in running the boat.

In the case of Owen v. Davis, 15 An. 22, this court recognized the right of the creditors of the absent joint owners of a steamboat to attach their shares, and to have a privilege resulting from the attachment, entitling them to be paid by preference over the ordinary creditors of the commercial partnership engaged in running the boat.

The law authorizes the property of an absent debtor to be attached in this State. It would be singular if by transferring an undivided interest in the property, the debtor could deprive the creditor of this right against his remaining interest.

It is therefore ordered that the judgment of the lower court be affirmed, with costs of appeal.