## No. 2403.—JAMES L. LOBDELL v. WM. H. BUSHNELL et al.

A commercial partnership, although dissolved, still exists for the purposes of liquidation, and the partitioning of the gains, and the partners may be sued before the court of its domicile for such purposes, and they may be brought before the court by attachment if they be non residents.

24b 295
52 1221

APPEAL from the Fourth District Court, parish of Orleans. *Theard*, J. *Elmore & King*, for plaintiff and appellant. *Budd & Grover* and *A. Robert*, for defendants and appellees.

HOWE, J. The plaintiff, residing in the parish of West Baton Rouge, instituted this action against Wm. H. Bushnell, alleged to be a resident of some of the northern or eastern States, T. W. Colwell, a resident of West Baton Rouge, and John S. Woodward, alleged to be a resident of New Orleans, for the settlement of a partnership which had existed between the plaintiffs and defendants.

The partnership appears to have carried on its business chiefly in New Orleans, but to have been dissolved about two years prior to the institution of the suit.

Lobdell v. Bushnell et al.

The defendant Colwell, by exception, declined the jurisdiction of the court in New Orleans, on the ground that he resided, as alleged by plaintiff himself, in West Baton Rouge.

A few days after the exception was filed, and before it was tried, the plaintiff suggested to the court that John S. Woodward, believed to be a resident of New Orleans, really resided in Mississippi, and procured the appointment of a *curator ad hoc* to represent him.

The demand of the petition was for a judgment against the defendants *in solido*. The court overruled the exception, and, the cause having been tried on the merits, rendered judgment against the defendants *in solido* for $14,752 77, and the defendant Colwell alone appealed.

The facts above stated show that at the time the suit was begun the partnership had been dissolved for nearly two years, and that not one of the parties to the suit or to the parnership resided in the parish of Orleans.

It was impossible that the defendant, Colwell, residing in West Baton Rouge, could be legally sued in New Orleans, unless his case came within some of the exceptions to the general prohibition contained in the law of 1861, and now embodied in article 162, Rev. C. P. He could not even consent to be sued in New Orleans unless in these exceptional cases.

The exceptions referred to, as they existed at the time this suit was instituted, are now compiled in articles 163–8 of the Rev. C. P.; but in none do we find any authority for the case at bar.

It does not come under section 2 of article 165, for that refers to matters of partnership "as long as the partnership continues." It does fall within section 6 of the same article; for, in the first place the defendants are not sued as "joint obligors," 9 La. 547; and in the second place, if they were so sued the suit was not brought "at the domicile of any one of them."     •

We are constrained to the conclusion that the exception should have been maintained.

It is therefore ordered that the judgment appealed from be reversed. as to appellant, and his exception of domicile maintained, and that this suit as to appellant, be dismissed at plaintiffs' costs.

--------

## On Rehearing.

Ludeling, C. J.  On a re-examination of this case we are satisfied that we erred in sustaining the exception to the jurisdiction of the district court of the parish of Orleans.

The partnership, although dissolved, still continued for the purposes of liquidation, and a partition of the gains.  And we think the

partners may be sued at the domicile of the partnership for such purposes. Trolong de la Société 2, p. 472. Repertoire du Journal du Palais verbo Société, vol. 11 p. 827; 6 La. 685, Lincoln, Fearing & Co. v. Executor of R. Ball; 13 La. 484, Culler v. Cochran, 3 N. S. 188.

But another sufficient reason for maintaining that the court a qua had jurisdiction is, that Wm. H. Bushnell, a nonresident, was sued by serving him personally with citation and petition, as to him the court had clearly jurisdiction; and the obligation sued on, although alleged by petitioner to be in solido, was a joint obligation, and the other obligors were necessary parties. C. C. art. 2085; 21 An. 265, Francis v. Laonie et al. The exception is therefore overruled.

On the merits the plaintiff has failed to make out a case. The evidence satisfies us that he imposed upon his associates by representing that he owned large quantities of cotton, which he was to put into the partnership at the prices for which other similar cotton could be bought, and that he failed to deliver any of the cotton to the partnership. It further satisfies us that the plaintiff did not put into the partnership the money required by the articles of partnership, nor did he give his services as required.

It is therefore ordered that the judgment as to the appellant be annulled, and that there be judgment in favor of J. W. Colwell against the plaintiff rejecting his demand with costs.