LAND, J.
Plaintiff sued out in the district court of the parish of Rapides writs of attachment against the alleged commercial firm of C. N. Adams & Son, and against C. N. Adams and C. E. Adams, as members thereof, on the ground that the partnership and its members were residents of the state of Arkansas. Under the writs of attachment the sheriff seized and took into his possession a grading outfit consisting of mules, horses, wagons, scrapers, etc., while in transit on a railroad train.
Defendant appeared and excepted to the jurisdiction of the court ratione personae, and *533 moved to dissolve the writs of attachment on various grounds, substantially as follows:
That the partnership of O. N. Adams & Son’ had been dissolved about a year before the institution of the suit, and no longer was in existence; that all the property attached belonged to C. E. Adams individually, and that he was a resident of the state of Louisiana; that 0. N. Adams was a resident of Arkansas; and that the allegations on which the writ was obtained were false.
The exceptions and motions to dissolve were tried, and the judge below found from the evidence that the partnership was constituted in the state of Louisiana, and was dissolved about one year pi'ior to the institution of this suit; that C. E. Adams was a resident of the parish of Winn, state of Louisiana, and that he was the sole owner of all the property seized under the writs of attachment; and that 0. N. Adams was a resident of the state of Arkansas. There was judgment in favor of the defendants, dissolving the writ of attachment, with $250 damages for attorney’s fees, and dismissing plaintiif’s suit with costs. Plaintiffs have appealed.
An attachment suit against a nonresident partnership or pérson may be brought in any parish of the state.
A suit against a partnership established in this state must be brought before the tribunal of the place where it is established, or, if there are several establishments, before that of the place where the obligation was entered into. Code Prac. art. 165, No. 2.
After a dissolution of a commercial partnership, the parties may be sued at the domicile of the partnership, and if nonresidents, brought in by attachment. Lobdell v. Bushnell, 24 La. Ann. 295; Montague v. Weil & Bro., 30 La. Ann. 52. But in Monroe v. Frosh, 2 La. Ann. 962, it was held that a partnership conducted here by one resident partner cannot be considered as a nonresident for the purposes of the attachment of the firm property or even the interest therein of a nonresident partner. This case was reaffirmed in Shirley Escott & Co. v. Owners of Steamer Bride, 5 La. Ann. 260. Hence, the pivotal question of fact to be determined is whether C. E. Adams was a resident partner. He was certainly present in the state conducting the business of the partnership, and had done so for several years. His wife and children had lived in the town of Winnfield for 17 months in the same house, rented by the month, and he had purchased 12 lots in the residential portion of same town. His children were attending school. He was absent from time to time as his business necessitated. He spoke of Winnfield as his home, and testified that he considered the place as such. A railroad and levee contractor is necessarily compelled to be with his work. When he cannot procure contracts within the state of his residence, he is forced to seek them elsewhere. The commorancy of such avocation does not preclude the establishment of a fixed abode for wife and children, or, in other words, a home, to which the husband and father may return as often as permitted by the exigencies of his business pursuits. On the day the attachment was sued out, one of the plaintiffs asked 0. E. Adams where was his domicile, and where he voted last, and he replied, “Wherever my camp is pitched,” and, “X voted last in Arkansas.”
These casual remarks do not suffice to set off his sworn statement, corroborated by facts and circumstances, that his residence was in Winnfield, and that he intended there to remain for an indefinite time. The burden of proof was on the plaintiffs to show that O'. E. Adams was a nonresident.
After a careful examination of the evidence, we are not prepared to say that the findings of the trial judge are against the preponderance of the evidence.
Judgment affirmed.
PROVOSTY, J., dissents.