**DONOHOE OIL & GAS CO. v. MACK–JOURDEN CO. et al. \***

No. 4347.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1932.

Thatcher, Browne, Porteous & Myers, of Shreveport, for appellant.

Henry W. Bethard, Jr., of Coushatta, for appellees.

PALMER, J.

The Donohoe Oil & Gas Company brought this suit against the Mack-Jourden Company as a partnership, and against the individual members composing it, including the partners in commendam, to recover the sum of $650, representing a balance due on the purchase price of a certain standard rig or pumping equipment. In connection with its suit, writs of attachment and sequestration were sued out.

Statement of Case.

It appears that on May 12, 1931, Walter Mack, a resident of the state of Texas, and W. Earl Jourden, a resident of the state of California, associated themselves together in a partnership known as the Mack-Jourden Company. Their articles of partnership specify that the company is the owner of an oil, gas, and mineral lease covering certain lands

in the parish of Red River, La., and that the company is formed for the purpose of exploiting and developing, for oil, gas, and other minerals, the lands covered by the lease. In order to further its interests and to carry out the purposes of the partnership, the articles specify that the company may take in and admit partners in commendam, who shall share in the profits derived from a certain portion of the company's holdings. Pursuant to this provision a large number of nonresidents were admitted in the company as partners in commendam.

On or about the 9th of October, 1931, the company, through its member, Walter Mack, purchased from plaintiff company a certain standard rig or pump equipment for a consideration of $1,000, of which amount $350 was paid in cash. The balance was made payable in three equal installments due thirty, sixty, and ninety days. The transaction was consummated in Louisiana. This standard rig was installed by the defendants and used to equip what is termed the Mack-Jourden well No. 1, on the Lockett property in Red River parish, La. On the 2d of January, 1931, the defendants not having made the deferred payments as they matured, plaintiff instituted this suit. At the time the suit was filed, and for some time prior thereto, it appears that neither of the members of the defendant company was present in the state of Louisiana. In fact, it appears that the company had no designated office in Louisiana, nor an agent or representative upon whom any legal process could be served when the partners were absent from the state. Even all its common laborers appear to have departed from the scene of the company's former operations.

Plaintiff claims the right to the writ of attachment on the grounds that the defendants are all nonresidents. He bases his claim to the right of the writ of sequestration on the grounds that he has a vendor's lien and privilege under the laws of Louisiana on the standard rig in question, and on the further ground that he has a lien and privilege as a furnisher of material.

Sidney G. Myers, Esq., one of the attorneys for plaintiff, attached to the petition his affidavit to the effect that the allegations of the petition are true and correct to the best of his knowledge and belief. There was also attached to the petition an affidavit of S. E. Davies to the effect that he is an employee of the plaintiff company; that the debt sued on is owing and due as a balance on the purchase price of the standard rig and equipment in question; that it lies within the power of the defendants to conceal, part with, and dispose of said movable property in their possession; and that he verily fears that they will so act during the pendency of this suit. He further averred that he believes the debtors have left the state permanently, or

are on the eve of leaving it, or that they reside out of the state, or that they conceal themselves so that citation cannot be served upon them, or that they have mortgaged, assigned, or disposed of, or are about to mortgage, assign, or dispose of, the property, right, or credits with the intent to defraud their creditors or give an unfair preference to some of them, or that they have converted, or are about to convert, the property into money or evidence of debt with intent to place it beyond the reach of their creditors, and that the copartners are nonresidents of the state of Louisiana.

Defendants, on February 8, 1932, filed a motion to dissolve the writ of attachment on the following grounds:

(a) That defendant company is not a nonresident, but is domiciled in the parish of Red River.

(b) That no action lies against the individual partners until the debt sued on is adjudged to be due and owing by the partnership, and that under no circumstances could the partners in commendam be held except for any unpaid portion of any subscription that might be due the company.

(c) That the writ issued on an affidavit of an unauthorized person.

(d) That the facts alleged on which the writ was sought are false.

Defendants asked for damages in the sum of $500 to cover cost of replacing the rotary rig and other property covered by the attachment, which was moved by the sheriff while the property was under attachment in an effort to keep it beyond threatened overflow. They further ask for damages in the sum of $100 as attorney's fees. At the same time, with full reservations of all their rights, defendants also filed a motion to dissolve the writ of sequestration on the following grounds:

(a) That the affidavit made to secure the issuance of the writ was made by a person unauthorized by law.

(b) That the statement of facts made and contained in the affidavit to secure the writ is false and unfounded in fact.

They ask for damages in the sum of $250 for the removal of the standard rig while it was under sequestration, on the claim that such was necessary to keep it out of and beyond a threatened overflow. They further ask for damages in the sum of $100 as attorney's fees. Subject to these motions to dissolve, defendant at the same time filed an exception of no cause or right of action. The motions to dissolve the writ of attachment and the writ of sequestration were tried together. The exception of no cause of action was not submitted, although the minutes show that the lower court erroneously passed on it.

The lower court sustained the motions to dissolve the writs of attachment and sequestration, casting the Donohoe Oil & Gas Company in all costs of the proceedings, including the costs incurred in connection with the custody of the property while under seizure, and awarded judgment in favor of defendant Mack-Jourden Company, and against the plaintiff, Donohoe. Oil & Gas Company, in the sum of $100 with legal interest from the date of the judgment, as attorney's fees. From that judgment plaintiff prosecutes this appeal.

## Opinion.

This case hinges upon the question of whether or not the defendant company was an absentee at the time the writs issued, and whether or not proper affidavits were made as a basis for the writs. We shall consider the writs separately, taking first the writ of attachment.

The writ of attachment was sued out on the allegation that. the defendants are nonresidents of the state of Louisiana. This is the only grounds on which this writ issued. It is claimed by counsel for defendants that no allegation is made that the partnership is a nonresident, but in these conclusions we disagree with counsel. As a matter of fact, the partnership and the two individual copartners, as well as each and every partner in commendam, are made defendants in this suit, and. paragraph 1 of the petition alleges each of the partners, including the partners in commendam, to be a nonresident. It is true, paragraph 1 does not state definitely the domicile of the Mack-Jourden Company, but, after the company is named, then immediately follow the names of the partners with their residences. However, in paragraph 8 it is alleged that an attorney at law should be appointed curator ad hoc to represent the defendants absentees, and paragraph 9 of the petition, after alleging that writs of attachment should issue upon petitioner giving bond according to law, proceeds as follows: "Directing the sheriff of Red River Parish to seize and attach the property, rights and credits of said co-partnership, and said co-partners, defendants, absentees."

These we consider to be allegations alleging, not only the individual members, but the partnership as well, to be absentees. As a matter of fact, the partners in commendam should not have been made parties to the suit, so, while they are defendants, making them parties has neither added to nor taken from the legal status of the question. The defendant company not only attacks the writ of attachment on the ground that it is not a nonresident or absentee, but also on the ground that no action could lie against the partners, even though they are nonresidents, until a final adjudication of the claim has been obtained against the partnership. As this suit has developed as strictly an action in rem, there is no need to further consider the suit as a personal action against the partners. There can be no question but what Walter Mack and W. L. Jourden, the copartners in the Mack-Jourden Company, are both nonresidents of the state, because in their partnership agreement, filed in the record, it is declared that Mack is a resident of Texas and Jourden a resident of California, "both of whom are now presently located in Coushatta, in the Parish of Red River, State of Louisiana." It is impossible to hold that the partnership was not a nonresident at the time this suit was filed, when as a matter of fact it had no representative present in the state, and maintained no office and was conducting no operations of any kind in the state. For some time prior to the filing of this suit there was no member of the partnership, not even a partner in commendam, within the state. There was not a single representative or employee within the state after December 14, 1931. At least Walter Mack, one of the copartners, and very probably W. L. Jourden, although the testimony is somewhat silent as to his whereabouts, was somewhere in the North apparently negotiating for money, perhaps to bring into the partnership other partners in commendam. If the company had any business whatever at the time this suit was filed, it was being conducted where the partners were, and, if so, then it is a natural consequence that the domicile of the company was where the partners were conducting their business. In our opinion, the situs, of the company must be at one of two places, (1) at the domicile of the partners, or (2) where its business is being carried on. While we do not find any decisions of our own courts definitely supporting this view, yet we do find decisions seemingly pointing to the fact that the residence in the state of at least one of the partners is a determining factor in ascertaining whether or not the partnership can be treated as a residently. Munroe v. Frosh et al., 2 La. Ann. 962; Shirley, Escott & Co. v. Owners of the Steamer Bride, 5 La. Ann. 260; Stevenson v. Prather et al., 23 La. Ann. 434; Weil Bros. & Bauer v. Adams & Son, 126 La. 532, 52 So. 757.

In the case of Byers v. Schlupe, 51 Ohio St. 300, 38 N. E. 117, 120, 25 L. R. A. 649, the Supreme Court of Ohio decided questions very similar to those presented in this case. Under an Ohio statute a nonresident may be brought into court through attachment. This is similar to our statute in that respect. Code of Practice, art. 240.

. In the Ohio case, supra, the Supreme Court said:

"In view of these statutory provisions, the validity of the attachment called in question must evidently depend upon whether the partnership of Samuel R. Bullock & Co., sued by the firm name only,—neither of its members

then residing in Ohio,—was a 'defendant non-resident of this state' at the time the order of attachment was issued, within the meaning of the language of the statute.

"The privilege extended by the statute to sue a partnership by the usual or ordinary name which it has assumed, or by which it is known, is not to be confined to such as may be formed within this state for the purpose of carrying on a trade or business, or holding property herein. Indeed, a partnership may be formed in another state for accomplishing the same purpose in this state. Its component members may all reside in the state where it is formed, and, if it does business in this state, it may be sued by its company name, and served by leaving a copy of the summons at its usual place of doing business in this state. It may be thus sued and thus served irrespective of the residence of those who compose it.

"The facts, however, that such partnership engages in business in this state, that it may be sued in the company name, and that it may be served by leaving a copy of the summons at a prescribed place, are not the sole factors for fixing and determining its residence when it is sought to reach its property by attachment for the benefit of its creditors. The members of a partnership do not form a collective whole, distinct from the individuals composing it; nor are they collectively endowed with any capacity of acquiring rights or incurring obligations. The rights and liabilities of a partnership are the rights and liabilities of the partners. 1 Lindl. Partn. 5. It is not a creation in which the identity of the individual members is merged and lost, in seeking to enforce against them the obligations of the firm.

"A partnership is not, in our judgment, a legal entity, having, as such, a domicile or residence separate and distinct from that of the individuals who constitute it. To what extent residence may be affirmed of a partnership as such was considered by the court in Fitzgerald v. Grimmell, 64 Iowa, 261, 20 N. W. 179. In the dissenting opinion there is much force, and we cite the same with our concurrence. 'Residence,' says Adams, J., 'in my opinion, can be predicated only of a person natural or artificial. A partnership, as distinguished from the members composing it, is neither. Besides, it appears to me that, in any view, the mere fact that a partnership maintains for the transaction of its business an established agent in a county where neither partner resides, cannot constitute the partnership a resident of such county. There is no pretense that an individual would become a resident of a county by merely transacting business therein through an established agent, and I am not able to see that a different rule should be applied to a partnership.'"

While, under the Louisiana law, the identity of the partnership, as separate from the individual members who compose it, is recognized, at the same time in our opinion its separate identity cannot be carried to the extent that its domicile can be at a different place to the domicile of at least one or more of its members in the absence of a resident representative and an office or place of business. In the case now under consideration, as we have previously observed, not only are all the members of the partnership nonresidents of the state of Louisiana, and were absent from the state at the time of the filing of this suit, but the partnership had no office or representative in the state, and furthermore its former employees had discontinued to work and also were absent from the state when the suit was filed; hence there is no method under our law by which the partnership could be served or cited. The only remedy open to the plaintiff was an action in rem. In all event, if the copartners of a partnership are to be absent, certainly the company must maintain a domicile and have some capable person present upon whom legal process can be made.

We conclude, therefore, that, inasmuch as the defendant company is composed altogether or nonresidents, all of whom were absent from the state of Louisiana at the time, and long prior to, the filing of this suit, and had no office, agent, or employee within the state, the partnership cannot be considered such a separate entity from the nonresident partners who compose it as to recognize it as domiciled in the state of Louisiana. To hold to the contrary would be tantamount to saying that the plaintiff in this case, who apparently has a just debt against the defendant partnership, has no remedy against the company to enforce its claim. Under the facts in this case, since it was impossible to make any service upon the defendants under our law, we hold that the institution of process was necessary, and, in order to render the defendant partnership amenable to the process which plaintiff has the right to institute against it, it was proper to treat it as a nonresident.

The writ of attachment was issued on the affidavits of the attorney for plaintiff and one of its employees, S. E. Davies. Their authority for making the affidavit will be considered later.

This brings us to a consideration of the writ of sequestration.

The only attacks made upon the writ of sequestration are that it issued on the affidavit of persons unauthorized by law to make them and that the facts set up are false and untrue.

As before stated, the attorney for plaintiff swore to the truthfulness of the allegations of

the petition to the best of his knowledge and belief; also S. E. Davies, an employee of plaintiff company, swore to the correctness of the debt sued on; that it represented a balance due on the purchase price of a standard rig and equipment sought to be sequestered; that it lies within the power of the defendants to conceal, part with, or dispose of the said movable property in the possession of defendants; and that he verily fears, during the pendency of this suit, defendants will part with or dispose of same.

Affiant further averred that the debtors have left the state permanently, or are on the eve of leaving permanently, or that they reside out of the state, or that they conceal themselves so citation cannot be served, or that they have mortgaged, assigned, or disposed of, or are about to mortgage, assign, or dispose of, the property of the company with intention to defraud their creditors or to give an unfair preference to some of them, or that they have converted, or are about to convert, their property into money, or evidence of debt, with the intention to place it beyond the reach of their creditors; that said copartners are nonresidents of the state of Louisiana. There can be no question but what the standard rig and equipment sold defendants by plaintiff is movable property. Paragraph 8 of article 275, Code of Practice of Louisiana, provides: "A sequestration may be ordered in all cases, when one party fears that the other will conceal, part with, or dispose of the movable in his possession, during the pendency of the suit, upon complying with the requisites of the law."

Also Act No. 190 of 1912 provides: "That in cases of sequestration of movable property obtained upon the grounds specified in Paragraph 8 of Article 275 of the Code of Practice, whether based upon a claim to a right of possession to, or upon a claim to a privilege upon movable property, the fact that it lies within the power of the defendant to conceal, part with, or dispose of the movable in his possession, during the pendency of the suit, shall be deemed sufficient to justify an affidavit by the plaintiff, for the purposes of obtaining the writ of sequestration, that he fears that the defendant will so conceal, part with, or dispose of the property in question."

■ It is clear, therefore, that, if Davies had the authority to make the affidavit on which the writ of sequestration issued, plaintiff had the right to the writ. The record discloses that, at the time this suit was filed, J. W. Clark, the managing director of the plaintiff corporation, together with all the other officers of the corporation, were absent from the state. The record further reveals that, as the managing director, Clark, before leaving, instructed Davies to file this suit and to execute the necessary affidavits in connection therewith. Counsel for defendants takes the position that only the board of directors of the plaintiff corporation could give authority to make an affidavit on behalf of the corporation. Counsel is in error in this contention. Under subdivision 7, § 35, of Act No. 250 of 1928, the president, vice president, or manager of any corporation organized under the laws of Louisiana, or of a foreign corporation doing business in this state, has the power in the name and in behalf of the corporation to authorize the institution of a suit or other legal proceedings, in which event the defendant is without right to question the authority of the officer to thus act. Also under this same provision of the law the officers have authority to direct the issuance of conservatory writs, etc., and to make any affidavit required by law or by the rules of the court in such cases. The duty imposed upon a corporate officer under the provisions of the law just cited are ministerial, and, being such, in our view can be delegated. There can be no question but what J. W. Clark could have made the affidavit on which the writ of sequestration issued. That right vested in him because he was manager of the corporation. There is also no doubt but what at the time this suit was filed Clark and all other corporate officers of the plaintiff company were absent from the state. Somebody present should assume the management of the corporation during the absence of the corporate officers. That duty in this case fell to S. E. Davies by direct order from J. W. Clark. In other words, Davies, at the time this suit was filed, was no less than the acting manager of the plaintiff company and as such had the right and authority to make the affidavit in question.

We conclude, therefore, that the judgment of the lower court dissolving the writs of attachment and sequestration, and awarding damages to defendant, is erroneous. Therefore it is reversed, annulled, avoided, and set aside, and this case is remanded to the lower court to be proceeded with according to law; defendants in the main demand, and plaintiffs in motion, to pay all costs of these proceedings in both courts.